1  RICHARD D. MCCUNE, State Bar No. 132124
   rdm@mccunewright.com
2  DAVID C. WRIGHT, State Bar No. 177468
   dcw@mccunewright.com
3  MCCUNE WRIGHT AREVALO, LLP
   3281 E. Guasti Road, Suite 100
4  Ontario, California  91761
   Telephone:  (909) 557-1250
5  Facsimile:  (909) 557-1275

6  Attorneys for Plaintiffs JI CHANG SON, GHODRAT
   KHANSARI, MADHUSUDHANA SHASTRULA,
7  ALI JARRAHI, and MICHAEL TOMKO, individually
   and on behalf of the Putative Class, and
8  Plaintiff K.M.S., a minor by and through his
   *Guardian ad Litem* YUN SOO OH
9
   PENELOPE A. PREVOLOS, State Bar No. 87607
10 PPrevolos@mofo.com
   DANIEL JAMES WILSON, State Bar No. 299239
11 DWilson@mofo.com
   MORRISON & FOERSTER LLP
12 425 Market Street
   San Francisco, California 94105-2482
13 Telephone: 415.268.7000

14 Attorneys for Defendant TESLA, INC.

15 *[LIST OF ADDITIONAL COUNSEL ON BELOW CAPTION]*

16

17                    UNITED STATES DISTRICT COURT

18             FOR THE CENTRAL DISTRICT OF CALIFORNIA

19

20 JI CHANG SON, GHODRAT              Case No.:  8:16-cv-02282-JVS-KESx
   KHANSARI, MADHUSUDHANA
21 SHASTRULA, ALI JARRAHI, and        Judge Assigned:  Hon. James V. Selna
   MICHAEL TOMKO individually and on  Complaint filed: December 30, 2016
22 behalf of all others similarly situated, and
   K.M.S., a minor by and through his  **JOINT RULE 26(f) REPORT**
23 *Guardian ad Litem* YUN SOO OH,

24             Plaintiffs,             Date:        May, 19, 2017
                                       Time:        1:30 p.m.
25       v.                            Courtroom:   10C

26 TESLA, INC.,

27             Defendant.

28

1  BENEDICT O. KWON, State Bar No. 219052
   bkwon@sycr.com
2  STEPHEN L. RAM, State Bar No. 240769
   sram@sycr.com
3  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660-6422
   Telephone:  (949) 725-4000
5  Facsimile:  (949) 725-4100

6  Attorneys for Plaintiffs JI CHANG SON, GHODRAT
   KHANSARI, MADHUSUDHANA SHASTRULA,
7  ALI JARRAHI, and MICHAEL TOMKO, individually
   and on behalf of the Putative Class, and
8  Plaintiff K.M.S., a minor by and through his
   *Guardian ad Litem* YUN SOO OH
9
   KIMBERLY R. GOSLING, State Bar No. 247803
10 KGosling@mofo.com
   MORRISON & FOERSTER LLP
11 12531 High Bluff Drive, Suite 100
   San Diego, California 92130-2040
12 Telephone: 858.720.5100

13 SEAN GATES (CA SBN 186247)
   SGates@charislex.com
14 CHARIS LEX, P.C.
   16 N. Marengo Avenue, Suite 300
15 Pasadena, California 91101
   Telephone: 626.508.1717
16
   Attorneys for Defendant TESLA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Ji Chang Son, Ghodrat Khansari, Madhusudhana Shastrula, Ali Jarrahi, and Michael Tomko, individually and on behalf of the Putative Class, and Plaintiff K.M.S., a minor by and through his Guardian ad Litem Yun Soo Oh, and Defendant Tesla, Inc., participated in a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District of California Local Rule 26-1 and the Court's Order Setting Rule 26(f) Scheduling Conference and hereby submit their Joint Rule 26(f) Report.

A.     **SYNOPSIS**

**Plaintiffs' Position**

Tesla, Inc. ("Tesla" or "Defendant") is the manufacturer of the Model S sedan and Model X cross-over sport utility vehicle ("SUV") – identified by Tesla as two of the most technologically advanced and powerful production automobiles ever sold to the general public.  Tesla marketed its vehicles as being "designed to be the safest car on the road," and coming "standard with automatic emergency braking and side collision avoidance to prevent accidents from happening in the first place."

The First Amended Complaint alleges that the Model S and Model X vehicles are defective in that that they are susceptible to sudden unintended acceleration ("SUA"), in which the vehicle spontaneously accelerates at full power without the driver having commanded such acceleration by pressing on the accelerator pedal.  With approximately 18,240 Model X vehicles sold in the United States from September 29, 2015, through the end of 2016, there have been at least 13 reports, either to NHTSA or directly to Tesla, of sudden unintended acceleration incidents involving Model X vehicles – **a rate of 71 SUA events per 100,000 vehicles per year.**  (*Id.* ¶¶ 27, 64.)  This is 70 times the historical rate of SUA events in other vehicles reported to NHTS.

Moreover, the consistency of the circumstances under which these SUA incidents are reported to have happened is compelling.  With regard to the Model X, all 13 of the complaints of SUA referenced in the FAC were described to have occurred while the vehicle was travelling at an extremely slow speed, either while the driver was in the

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706

process of parking the vehicle or when stopping or starting at a traffic control signal, and uniformly involved full power acceleration, as confirmed by data recorded by the vehicle and maintained by Defendant.

Plaintiffs, individually and on behalf of other similarly situated, allege violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200, *et seq., and* false advertising laws, Cal. Bus. & Prof. Code § 17500, *et seq.,* breach of express and implied warranty under California and federal law, strict product liability, failure to warn, and negligence, as well as violation of analogous state consumer protection statutes and breach of warranty under Georgia, North Carolina, Ohio law.

**Tesla's Position**

Tesla's mission is to accelerate the world's transition to sustainable energy. Among other things, Tesla designs, manufactures, and sells the world's most advanced zero-emissions, all-electric vehicles, including its Model S sedan, introduced in 2012, and its Model X sports utility vehicle, introduced in 2015.

Tesla denies the presence of the alleged defects in its vehicles, including any alleged susceptibility to sudden unintended acceleration. Each Tesla vehicle is designed and manufactured with multiple safeguards, including two completely independent angle sensors in the accelerator pedal and two drive inverter processors, to ensure that the vehicle accelerates only when and to the extent commanded by the driver. Contrary to Plaintiffs' allegations, their vehicles accelerated because they pressed the accelerator pedal. The data from each named Plaintiff's vehicle shows that this is exactly what happened here.

Further, as Tesla will demonstrate at the appropriate time, Plaintiffs' purported comparison based on NHTSA complaint data is flawed and ill-founded.

Tesla also disputes Plaintiffs' allegation that, even if driver error caused the accidents, Tesla owed Plaintiffs a duty to "develop and implement computer algorithms

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706

that would eliminate the danger of [intentional] full power acceleration into fixed objects." (FAC ¶ 34.)  The law imposes no such duty.

Tesla is confident that Plaintiffs' allegations will fail as a matter of both fact and law.

## B.     Legal Issues

Tesla has challenged some, but not all, of the causes of action asserted in the First Amended Complaint in its motion to dismiss.  Specifically, Tesla has challenged the causes of action for breach of express and common law warranty/contract (Counts 4, 6, 7, 8, 15, 17, 20, and 24), causes of action under Georgia law (Counts 13, 14, and 18), and causes of action under Ohio law (Counts 22 and 23).  This motion is scheduled for hearing on the same day as the Scheduling Conference.

**Plaintiffs' Position**

Additional legal and factual issues relating to this litigation as set forth in the First Amended Complaint, include:

    a. the Model S and Model X vehicles were sold or leased with a defect;

    b. Tesla knew of the defect but failed to disclose the problem and its consequences to its customers;

    c. Tesla misrepresented the safety of the Model S and Model X;

    d. Tesla's misrepresentations and omissions regarding the safety of its vehicles were likely to deceive a reasonable person in violation of the CLRA;

    e. Tesla violated the unlawful prong of the UCL by its violation of the CLRA;

    f. Tesla violated the unlawful prong of the UCL by its violation of federal laws;

    g. misrepresentations and omissions regarding the safety of its vehicles were likely to deceive a reasonable person in violation of the fraudulent prong of the UCL;

    h. reasonable consumers would consider the defect or its consequences to be material;

    i. Tesla breached its express warranties regarding the safety and quality of its vehicles;

j. Tesla breached the implied warranty of merchantability because its vehicles were not fit for their ordinary purpose due to their sudden acceleration defect;

k. Tesla has failed to provide free repairs as required by its New Vehicle Limited Warranty and/or Powertrain Warranty;

l. Tesla should be required to disclose the existence of the defect;

m. Whether Plaintiffs and Class Members are entitled to damages, restitution, restitutionary disgorgement, equitable relief, and/or other relief; and

n. The amount and nature of such relief to be awarded to Plaintiffs and the National Class.

**Tesla's Position**

This case involves the following legal issues: (1) whether Tesla had a legal duty to "develop and implement computer algorithms that would eliminate the danger of [intentional] full power acceleration into fixed objects" (FAC ¶ 34), notwithstanding that such alleged acceleration resulted from driver error; (2) whether Plaintiffs state a claim or are entitled to relief on any of their claims, including those at issue in Tesla's motion to dismiss the First Amended Complaint; and (3) whether Plaintiffs' claims are maintainable as a class action.

**C.     Damages**

**Plaintiffs' Position**

Plaintiffs seek: certification of the proposed classes; appointment of Plaintiffs as class representatives and Plaintiffs' counsel as class counsel; an award of all damages and restitution to which Plaintiffs and the class members are entitled, including pre-judgment and post-judgment interest; appropriate injunctive and/or declaratory relief, including, an order that requires Tesla to repair, recall, and/or replace the Model S and Model X vehicles and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiffs and Class Members with appropriate curative notice regarding the existence and cause of sudden unintended acceleration; an award of costs and attorneys' fees; and such further relief as may be appropriate.

4

1    It is impossible to further quantify the damages being sought until further

2    discovery has been conducted, the motion to dismiss has been ruled upon, and class

3    certification issues have been decided.

4    **Tesla's Position**

5    Tesla denies that the classes alleged in the First Amended Complaint or any other

6    class can be certified in this case.  Tesla further categorically denies that Plaintiffs or the

7    purported class have been injured or damaged in any way or are entitled to any relief

8    whatsoever.

9    **D.    Insurance**

10   **Tesla's Position**

11   No insurance coverage applies.

12   **E.    Motions**

13   The parties do not anticipate the filing of a motion for change of venue.

14   **Plaintiffs' Position**

15   Plaintiffs do not currently plan to add other claims or parties.  However,

16   Defendant's motion to dismiss is pending.  Plaintiff wishes to reserve the right to file an

17   amended pleading and/or add parties or claims in light of the Court's ruling on

18   Defendant's pending Motion to Dismiss and to seek leave to amend the pleadings and/or

19   add parties or claims as necessary based upon information learned in the course of

20   discovery.

21   Plaintiffs will file one or more motions to certify classes substantially similar to the

22   classes defined in Plaintiffs' First Amended Complaint. Plaintiffs believe this case is ripe

23   for the certification of one or more classes because the issues common to the class (e.g.

24   whether Tesla vehicles are defective and whether Tesla misrepresented and concealed

25   information from Plaintiffs and the Class Members) predominate over any purported

26   individualized issues.

27

28

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706

**Tesla's Position**

Neither the purported classes alleged in the First Amended Complaint nor any other class can be certified in this case; Plaintiffs are not typical or adequate representatives; and individual, not common, issues overwhelmingly predominate. Tesla anticipates filing a motion for summary judgment.

**F.     Discovery and Experts**

**i.     Rule 26(a) Initial Disclosures**

The parties do not anticipate the need for changes in the disclosures under Rule 26(a).

**ii.     Scope of Discovery**

The parties do not believe that it would be efficient for discovery to be conducted in phases.  However, counsel will work to prioritize discovery needed to create an evidentiary record upon which Plaintiffs' class certification motion(s) can be briefed and decided consistent with the briefing schedule proposed in Exhibit A.

**Plaintiffs' Position**

Plaintiff expects that discovery will be needed on the following subjects:

> *(i)*     The cause of sudden unintended acceleration in the Class Vehicles and the earliest existence of such problem;
>
> *(ii)*     The design and manufacture of the Class Vehicles prior to and during the Class Period;
>
> *(iii)*     Assessments, engineering analyses, tests, test results, studies, surveys, simulations, investigations or inquiries concerning claims of sudden unintended acceleration in the Class Vehicles;
>
> *(iv)*     Other similar incidents of sudden unintended acceleration of the Class Vehicles;
>
> *(v)*     Any claims or complaints of sudden unintended acceleration received by Defendant Tesla, Inc.;

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706

*(vi)*   All instances in which Defendant Tesla, Inc., has bought back Tesla vehicles alleged to have exhibited sudden unintended acceleration;

*(vii)*  Any proposed redesign or repair of the Class Vehicles aimed to avoid, remedy, or mitigates the consequences of sudden unintended acceleration;

*(viii)* Any proposed recalls, software updates, or technical service bulletins intended to address sudden unintended acceleration in the Class Vehicles;

*(ix)*   Any proposed recalls, software updates, or technical service bulletins intended to address the mitigation of the consequences of sudden unintended acceleration in the Class Vehicles;

*(x)*    The marketing materials concerning the Class Vehicles;

*(xi)*   Communications between or among Defendant Tesla, Inc., and third parties concerning sudden unintended acceleration;

*(xii)*  Damages; and

*(xiii)* The elements of Rule 23 (i.e., numerosity, commonality, typicality and maintainability).

**Tesla's Position**

Tesla anticipates serving written discovery and taking depositions of each of the five adult named Plaintiffs and their spouses, any other individuals and entities disclosed in initial disclosures, additional percipient witnesses identified through discovery, and expert witnesses disclosed pursuant to Rule 26(a)(2).  Based on Tesla's current understanding of Plaintiffs' claims and theories for relief, Tesla believes relevant topics for discovery may include, but are not limited to, the following:

- Plaintiffs' purchases of Tesla vehicles;

7

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706

- Plaintiffs' alleged accidents at issue in the FAC, including but not limited to whether such incidents were caused by Plaintiffs' stepping on the accelerator pedal;
- An inspection of each Plaintiff's Tesla vehicle;
- Plaintiffs' alleged damages, efforts to mitigate those damages, and remedies sought;
- Plaintiffs' adequacy to serve as class representatives;
- All other allegations in Plaintiffs' operative complaint; and
- Any other evidence on which Plaintiffs intend to rely, including but not limited to studies and expert reports.

Tesla does not agree that discovery will be needed on each of the topics listed by Plaintiffs above, but will meet and confer with Plaintiffs in an effort to arrive at a mutually agreed-upon list of topics for discovery.

### iii.    Written Discovery

The parties submit that Requests for Production of Documents and Request for admission should be governed by the Federal Rules of Civil Procedure.

**<u>Plaintiffs' Position</u>**

Plaintiffs submit that third-party discovery should be governed by the Federal Rules of Civil Procedure, but without any presumptive limits on third-party discovery, including depositions and document subpoenas.

Plaintiff submits that the parties should not be limited by the twenty-five interrogatory limit set forth in Federal Rule of Civil Procedure, Rule 33, but rather, should be allowed to serve a reasonable number of interrogatories, including contention interrogatories.

**<u>Tesla's Position</u>**

Tesla believes that, at present, no changes to the limitations on written discovery imposed by the Federal Rules of Civil Procedure or the Local Rules need to be made.

8

Tesla is prepared to meet and confer on the need for additional written discovery as discovery progresses.

### iv.   Depositions

**Plaintiffs' Position**

Similarly, Plaintiffs submit that parties should not be limited by ten deposition limit set forth in Federal Rule of Civil Procedure, Rule 30, but rather should be allowed to notice a reasonable number of depositions, without any presumptive limits on the number of depositions (except that, to the extent possible, no witness shall be deposed more than once on the same subject matter).

**Tesla's Position**

Tesla believes that it would be premature to depart from the ten-deposition limit set forth in Rule 30 at this time and permit depositions to proceed without any limit other than subjective "reasonableness." Plaintiffs have not demonstrated a reasonable need to exceed the ten-deposition limit.  Tesla believes that the parties should meet and confer as discovery evolves regarding the need for any additional depositions.

### v.   Expert Disclosure

The parties agree that the timing for disclosing experts to be used in class certification briefing should be based on the class certification briefing schedule.  The parties have proposed a class certification briefing schedule in Exhibit A designed to allow time for discovery relating to experts that will be offering opinions related to class certification issues.

The parties submit that the timing of expert disclosures apart from those used in class certification should be determined according to the trial date and other pretrial dates as shall be set by the Court.

### vi.   Discovery Disputes

There are no discovery disputes between the parties at this time.  The parties agree to meet and confer in accordance with Federal Rule of Civil Procedure 37 and Local Rule 37-1 prior to seeking court intervention to resolve any potential discovery disputes.

**G.     Dispositive Motions**

**Plaintiffs' Position**

Plaintiffs do not anticipate the filing of any dispositive motions at this pre-discovery stage of the litigation.  Plaintiffs reserve the right to bring a dispositive motion depending on the facts developed in the course of discovery.

**Tesla's Position**

Tesla anticipates filing a motion for summary judgment.

**H.     Settlement and Settlement Mechanisms**

Although settlement discussions are premature until the pleadings are closed, the parties agree that settlement discussions would be best facilitated by an experienced private mediator who specializes in resolving consumer class actions (*see* Local Rule 16-15.4 Settlement Procedure No. 3).

**I.     Trial Estimate**

While the time required for trial cannot be estimated accurately until the pleadings are closed, class certification been determined, and the completion of early discovery, the parties tentatively believe that trial will take 15-25 court days.  The parties cannot estimate with any accuracy the number of witnesses they intend on calling at trial this stage of the proceedings.

**J.     Timetable**

*See* Exhibit A.

**K.     Other Issues**

   **i.     Vehicle Inspections**

The parties are currently cooperating to preserve Plaintiffs' vehicles in their post-accident condition and to develop a protocol and schedule for the inspection of those vehicles.

   **ii.     ESI Discovery**

The parties are actively meeting and conferring for the purpose of developing a joint protocol for the production of ESI to be submitted to the Court for its approval.

10

### iii.    Protective Order

The parties are actively meeting and conferring for the purpose of drafting a proposed protective order to protect personal, confidential, trade secret and/or proprietary information, which may be exchanged during discovery in this matter.

### L.    Conflicts

**Plaintiffs' Position**

Plaintiffs are all individuals.

**Tesla's Position**

Tesla has no parent.  A list of Tesla's U.S. subsidiaries is attached hereto as Exhibit B.

### M.    Patent Cases

Not applicable.

### N.    Magistrates

The parties do not consent to have a Magistrate Judge preside over this matter.

Dated:  May 15, 2017                    Respectfully submitted,

By:__/s/ David C. Wright_____
David C. Wright
MCCUNE WRIGHT AREVALO, LLP
Attorneys for Plaintiffs
JI CHANG SON, GHODRAT KHANSARI,
MADHUSUDHANA SHASTRULA, ALI
JARRAHI, and MICHAEL TOMKO,
individually and on behalf of the Putative
Class, and Plaintiff K.M.S., a minor by and
through his *Guardian ad Litem* YUN SOO
OH

Dated:  May 15, 2017                    Respectfully submitted,

By:__/s/Penelope A. Preovolos[1]_____
Penelope A. Preovolos
MORRISON & FOERSTER, LLP
Attorneys for Defendant
TESLA, INC.

_____

[1] Defendant's counsel has authorized Plaintiff to affix the electronic signature of Penelope A. Prevolos hereto on May 15, 2017.

11

Joint Rule 26(f) Scheduling Conference Report
Case No.:  8:16-cv-02282-JVS-KESx
sf-3767706