UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)**   **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss**

Defendant Tesla, Inc., ("Tesla") moved for an order dismissing Plaintiffs Ji Chang Son ("Son"), Ghodrat Khansari ("Khansari"), Madhusudhana Shastrula ("Shastrula"), Ali Jarrahi ("Jarrahi"), and Michael Tomko's ("Tomko") (collectively, "Plaintiffs") fourth, sixth, seventh, eighth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, twentieth, twenty-second, twenty-third, and twenty-fourth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot., Docket No. 26.)  Plaintiffs opposed.  (Opp'n, Docket No. 29.)  Tesla replied.  (Reply, Docket No. 30.)

For the following reasons, the Court **grants in part** and **denies in part** Tesla's motion.

## I. BACKGROUND

Plaintiffs allege that Tesla's Model S vehicles and Model X vehicles suddenly experience uncommanded full power acceleration when moving slowly.  (FAC, Docket No. 25 ¶¶ 61, 62.)  Because of this uncommanded acceleration, Plaintiffs have brought claims against Tesla under California law, Ohio law, Georgia law, and North Carolina law.  (Id.)  Tesla now moves to dismiss thirteen of Plaintiffs' claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-02282 JVS (KESx)                    Date  June 7, 2017

Title  Ji Chang Son, et al. v. Tesla, Inc.

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679.  First, a court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 677.  Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 677–78 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 664.  This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A.    California, Georgia, North Carolina, and Ohio Breach of Express Warranty and Breach of Contract/ Common Law Warranty Claims (Claims 4, 6, 7, 8, 15, 17, 20, and 24)**

The Court finds (1) that Plaintiffs have adequately pleaded breach of Tesla's express basic vehicle limited warranty but (2) that Plaintiffs have not adequately pleaded that Tesla's marketing statements create additional warranties.  Because Plaintiffs only need to plead one theory, the Court does not dismiss their claims.  However, to the extent that Plaintiffs want to rely on their marketing statements theory, the Court grants Plaintiffs leave to amend.

**1.    Basic Vehicle Limited Warranty**

The parties agree that Tesla's basic vehicle limited warranty only covers defects in materials and workmanship, which are manufacturing defects, not design defects.[1]

---

[1] "In California, express warranties covering defects in materials and workmanship exclude defects in design." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 830 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

(Opp'n, Docket No. 29 at 11; Reply, Docket No. 30 at 2.) However, Plaintiffs argue that they have adequately pleaded manufacturing defect. (Opp'n, Docket No. 29 at 11.) In response, Tesla argues that Plaintiffs rely on purely conclusory allegations unsupported by a single specific fact. (Reply, Docket No. 30 at 2.)

"A manufacturing defect exists when an item is produced in a substandard condition," and "[s]uch a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line." McCabe v. Am. Honda Motor Co., 100 Cal. App. 4th 1111, 1120 (2002) (citing Barker v. Lull Eng'g Co., 20 Cal. 3d 413, 429 (1978); Lewis v. Am. Hoist & Derrick Co., 20 Cal. App. 3d 570, 580 (1971)); see also Miller v. ALZA Corp., 759 F. Supp. 2d 929, 941 (S.D. Ohio 2010) (citing Ohio Rev. Code Ann. § 2307.74) (manufacturing defect occurs when a product deviates from an intended design); Lloyd's Syndicate No. 5820 v. AGCO Corp., 294 Ga. 805, 808 (2014) (stating that a manufacturing defect occurs when a product deviates from an intended design); Boudreau v. Baughman, 322 N.C. 331, 346 (1988) ("A manufacturing defect, on the other hand, is caused by a miscarriage in the manufacturing process that produces an unintended result.")  "A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." Id.; see also Bros v. Hewlett-Packard Co., No. C-06-02254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) ("Unlike defects in materials and workmanship, a design defect is manufactured *in accordance with* the product's intended specifications." (emphasis in original)). However, "[plaintiffs are] not required to plead the mechanical details of an alleged defect in order to state a claim." Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1237 n.60 (2011) (complaint pleading that "'one or more design or manufacturing defects' that cause Class Vehicles 'to be highly prone to water leaks and flooding'" sufficient because a plaintiff does not need to plead technical details).[2]

---

Because the parties agree that the express warranty does not cover design defects, the Court does not need to address this issue further.

[2] Tesla relies on the Ninth Circuit's memorandum disposition in Troup v. Toyota Motor Corp., 545 F. App'x 668 (9th Cir. 2013). (Mot., Docket No. 26 at 6.) However, the Ninth Circuit stated that "[t]his disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3." Id. at 668 n.**. Furthermore, because it is a memorandum disposition, there are very few facts in the decision for this Court to examine to determine whether Troup is analogous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

To support its argument, Tesla relies on Garcia v. Chrysler Group, 127 F. Supp. 3d 212, 225–27 (S.D.N.Y. 2015). (Mot., Docket No. 26 at 6.) In Garcia, the court dismissed plaintiffs' manufacturing defect claims because plaintiffs simply relied on offhand references to manufacturing defects for support. Id. at 226. "The only allegations relating to manufacturing defects are the repetitive statements that the TIPM in each plaintiff's vehicle was defective because of design defects, manufacturing defects, or both." Id. (internal quotations and citations omitted). "Further, the Amended Complaint alleges that all Class Vehicles 'share a common defect in that the TIPM is prone to sudden and unexpected failure during normal operation[.]'" Id. In addition, "'the national class and state subclasses consist of '[a]ll persons who purchased or leased a Class Vehicle equipped with a TIPM–7.'" Id. (alteration in original). The court noted that this decision was a close call, but it determined that the complaint "strongly suggests a defect in the design of the TIPM–7, rather than a mistake in the manufacturing process itself." Id.

Plaintiffs rely on a court's holding in Hardt v. Chrysler Grp. LLC, No. SACV1401375SJOVBKX, 2015 WL 12683965 (C.D. Cal. June 15, 2015). In Hardt, the court found that plaintiffs adequately pleaded manufacturing defect under a warranty. Id. at *9. "The symptoms alleged to be attributable to the Defect include 'the clutch pedal [ ] "go[ing] soft" and remain[ing] depressed to the floors; the transmission [ ] fail[ing] to engage or disengage; the gear shift [ ] burn[ing] out; the clutch and transmission [ ] burn[ing] out,' and the transmission making a grinding sound in neutral, collectively referred to as the Transmission Defect." Id. (alterations in original). "While these allegations do not name any of the components expressly covered by the Powertrain Limited Warranty, at this stage of the litigation, '[plaintiffs are] not required to plead the mechanical details of an alleged defect in order to state a claim.'" Id. (alteration in original) (quoting Cholakyan, 796 F. Supp. 2d at 1237 n.60). Therefore, the court denied the defendant's motion to dismiss claims for breach of express warranty.

Plaintiffs have adequately pleaded manufacturing defect. To allege manufacturing defect, Plaintiffs state the following:

> In the course of selling its vehicles, Tesla expressly warranted in writing that its vehicles were covered by a Basic Vehicle Limited Warranty covers the repair or replacement necessary to correct defects in the materials or workmanship of any parts manufactured

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

> or supplied by Tesla that occur under normal use for a period of 4 years of 50,000 miles (80,000 km), whichever comes first.
>
> *The parts affected by the defect, including the accelerator control system and Automated Emergency Braking*, were distributed by Tesla in the Model S and Model X and are covered by the warranties Tesla provided to all purchasers and lessors of its vehicles.
>
> Tesla breached these warranties by selling and leasing *Class Vehicles with the defect*, requiring repair or replacement within the applicable warranty periods, and refusing to honor the warranties by providing free repairs or replacements during the applicable warranty periods.
>
> . . . .
>
> Tesla breached these warranties as described in more detail above, *but generally by not repairing or adjusting the Defective Vehicles' materials and workmanship defects*; providing Defective Vehicles not in merchantable condition and which present an unreasonable risk of sudden unintended acceleration and not fit for the ordinary purpose for which vehicles are used; providing Vehicles that were not fully operational, safe, or reliable; *and not curing defects and nonconformities* once they were identified.

(FAC, Docket No. 25 ¶¶ 142, 143, 144, 167 (italics supplied).) This language demonstrates that Plaintiffs have pleaded that (1) there is an express warranty in writing, (2) the accelerator system and the braking system contain defects, and (3) the class vehicles did not conform, which makes Plaintiffs' complaint more analogous to the complaint in Hardt than the complaint in Garcia.[3] It is also

---

[3] Tesla states that Plaintiffs use of the words "manufacturing," "materials" and "workmanship" are boilerplate and conclusory allegations. (Mot., Docket No. 26 at 8.) However, Plaintiffs specifically pleaded that the class vehicles did not conform, i.e., that the accelerator control system and the braking system were defective. Plaintiffs' allegations are specific enough at this stage of the litigation, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-02282 JVS (KESx)              Date  June 7, 2017

Title  Ji Chang Son, et al. v. Tesla, Inc.

important to note that discovery has not yet occurred, so it is impossible for Plaintiffs to plead with complete detail how their vehicles differed from the intended design.[4]  Accordingly, Plaintiffs have adequately pleaded manufacturing defect.

In conclusion, the Court does not grant Tesla's motion on this ground.

### 2.    Marketing Statements

In the alternative, Plaintiffs argue that Tesla's specific representations regarding the safety of the Model S and the Model X vehicles create additional warranties not limited to defects in workmanship materials.  (Opp'n, Docket No. 29 at 13.)  Plaintiffs argue that they do not need to allege specific *reliance* on Tesla's representations because Tesla directly sells its vehicles to consumers.  (Opp'n, Docket No. 29.)  In response, Tesla states that Plaintiffs have not pleaded that Plaintiffs were *exposed* to Tesla's marketing statements.  (Reply, Docket No. 30 at 5.)

Under section 2313 of the California Commercial Code, a plaintiff can claim that a defendant extended warranty by making statements regarding the safety and performance of defendant's vehicles.  In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig., 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010).  However, to state a valid claim, a plaintiff needs to plead that he was *exposed* to defendant's statements.  Id.  "Note, however, that Plaintiffs are not required to allege *reliance*."  Id. at 1183 n.22 (emphasis supplied) (citing Weinstat v. Dentsply Intern., Inc., 180 Cal. App. 4th 1213, 1227 (2010)).  Georgia,

---

Court must accept all well-pleaded allegations as true.

[4] At the hearing on May 19, 2017, Tesla continued to argue that a defect is not a manufacturing defect if every car contains the defect.  To further support this argument, Tesla referenced McCabe v. American Honda Motor Co., 100 Cal. App. 4th 1111, 1120 (2002).  In McCabe, the court stated that a design defect "exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective."  Id.  However, this Court presented Tesla a hypothetical: "if a car design required the use of a round part, but each car instead received an oval part, then each car has departed from the intended design; this defect would be a manufacturing defect, correct?"  Tesla then conceded that the defect in the Court's hypothetical would be a manufacturing defect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

North Carolina, and Ohio have similar requirements. See Pake v. Byrd, 55 N.C. App. 551, 553 (1982) (noting that an essential ingredient for express warranty "is whether the buyer knew of the seller's statements."); Ga. Code Ann. § 11-2-313(1)(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."); Ohio Rev. Code Ann. § 1302.26(A)(1) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.").

After reviewing Plaintiffs' ninety-five-page complaint, the Court has not found any allegations regarding exposure to Tesla's statements. (FAC, Docket No. 25.) However, as discussed above, Plaintiffs have adequately pleaded breach of Tesla's express basic vehicle limited warranty, so the Court does not dismiss Plaintiffs claims. Nevertheless, to the extent that Plaintiffs wish to use their theory regarding Tesla's marketing statements in the future, the Court grants them leave to amend.

### B. Ohio Deceptive Trade Practices Act Claim (Claim 23)

Shastrula concedes that he does not have standing as a consumer under the Ohio Deceptive Trade Practices Act, so he does not oppose dismissal of claim 23. Therefore, the Court dismisses claim 23 with prejudice.

### C. Ohio Consumer Sales Practices Act Claim (Claim 22)

The parties agree that "a class action is permitted under the Act if the plaintiff alleges that the substantive provisions of the [the Ohio Consumer Sales Practices Act] have been violated, *and* (1) a specific rule or regulation has been promulgated under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or (2) an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." Johnson v. Microsoft Corp., 155 Ohio App. 3d 626, 636 (2003) (italics supplied), aff'd, 106 Ohio St. 3d 278 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

Plaintiffs have not pleaded that (1) a specific rule or regulation characterizes the practice as unfair or deceptive or (2) an Ohio state court has found the practice unconscionable or deceptive. (See FAC, Docket No. 25 ¶¶ 296–304.) Accordingly, the Court dismisses this claim.

In conclusion, the Court grants Tesla's motion on this ground, but it also grants Plaintiffs leave to amend.

### D.   Georgia Uniform Deceptive Trade Practices Act Claim (Claim 13)

"[T]he sole remedy available under the [Uniform Deceptive Trade Practices Act] is injunctive relief." Moore-Davis Motors, Inc. v. Joyner, 252 Ga. App. 617, 619 (2001) (citing Ga. Code Ann. § 10-1-373(a)); Lauria v. Ford Motor Co., 169 Ga. App. 203, 206 (1983)). "An injunction is only available to remedy future wrongs and does not afford a remedy for what is past." Terrill v. Electrolux Home Prod., Inc., 753 F. Supp. 2d 1272, 1291 (S.D. Ga. 2010) (internal quotations and citations omitted).

Here, Plaintiffs have alleged that "Plaintiff Shastrula and the Georgia Class were injured as a result of Defendant's conduct" and that "Plaintiff Shastrula and the Class Members overpaid for their Defective Vehicles and did not receive the benefit of their bargain, and their vehicles have suffered a diminution in value." (FAC, Docket No. 25 ¶ 232.) However, Plaintiffs have not stated that they will experience any future harm. (See id. ¶¶ 227–35.) Therefore, they have not adequately pleaded this claim.

In conclusion, the Court grants Tesla's motion on this ground, but it also grants Plaintiffs leave to amend.

### E.   Georgia Fair Business Practices Act Claim (Claim 14)

"At least 30 days prior to the filing of any such action, a written demand for relief, *identifying the claimant* and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent." Ga. Code Ann. § 10-1-399(b) (italics supplied). The

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-02282 JVS (KESx) | Date | June 7, 2017 |
| Title | Ji Chang Son, et al. v. Tesla, Inc. | | |

failure to provide such notice is fatal to the claim.[5] See Walker v. JPMorgan Chase Bank, N.A., 987 F. Supp. 2d 1348, 1354 (N.D. Ga. 2013) (granting summary judgment because "a plaintiff who fails to deliver to the defendant a written demand for relief at least thirty days prior to filing suit is barred from recovering under the Act."); see also Corcoran v. CVS Health Corp., 169 F. Supp. 3d 970, 993 (N.D. Cal. 2016) (interpreting section 10-1-399(b)).

Here, Shastrula brings this claim on behalf of the members of the Georgia class. (FAC, Docket No. 25 ¶ 83.) Shastrula alleges that his Model X experienced uncommanded full power acceleration on February 27, 2017. (Id.) Shastrula was not a plaintiff in the initial complaint. (Compl., Docket No. 1.) Plaintiffs then added Shastrula as a plaintiff in the first amended complaint, which they filed on March 1, 2017. (FAC, Docket No. 25.) Because Plaintiffs filed the first amended complaint two days after Shastrula's Model X crashed, they have not met the notice requirement. Therefore, the Court needs to dismiss this claim with prejudice.

In conclusion, the Court grants Tesla's motion on this ground, so it dismisses claim 14 with prejudice.

**F. Georgia Unjust Enrichment Claim (Claim 18)**

"Under Georgia law, unjust enrichment is only available in the absence of an enforceable contract." Goldstein v. Home Depot U.S.A., Inc., 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (citing J'Carpc, LLC v. Wilkins, 545 F. Supp. 2d 1330, 1340 (N.D. Ga. 2008)). "But '[w]hile a party may plead equitable claims in the alternative, the party may only do so if one or more of the parties contests the existence of an express contract governing the subject matter of the dispute.'"

---

[5] Plaintiffs rely on In re New Motor Vehicles Canadian Export Antitrust Litigation, 350 F. Supp. 2d 160 (D. Me. 2004) and Nickens v. Equifax Information Services., LLC, No. 1:13-CV-0333-TWT-ECS, 2013 WL 4786975 (N.D. Ga. Sept. 6, 2013), to argue that the Court should grant Plaintiffs leave to amend. (Opp'n, Docket No. 29 at 23.) However, in Nickens, the defendant did not challenge whether the plaintiff's notice satisfied the notice requirement of section 10-1-399, so the court only examined whether where was a public harm. 2013 WL 4786975, at *5 n.2. In addition, the court in In re New Motor did not conduct an in depth analysis of whether failure to provide notice is fatal to the claim, which later cases discuss. 350 F. Supp. 2d at 183.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-02282 JVS (KESx)                           Date   June 7, 2017

Title   Ji Chang Son, et al. v. Tesla, Inc.

Terrill, 753 F. Supp. 2d at 1291 (quoting Goldstein, 609 F. Supp. 2d at 1347).

Here, Plaintiffs have not pleaded that the contracts are unenforceable or that they are asserting unjust enrichment in the alternative. (FAC, Docket No. 25 ¶¶ 273–78.) Therefore, the Court dismisses this claim.

In conclusion, the Court grants Tesla's motion on this ground, but it also grants Plaintiffs leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** Tesla's motion. Plaintiffs have twenty days to file an amended pleading.

**IT IS SO ORDERED.**

:   00

Initials of Preparer   kjt